Filed 4/3/24  P. v. Guevara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082119 |
| v. | (Super. Ct. No. BLF1600104) |
| JUAN GUEVARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Juan Guevara appeals the trial court's postjudgment order denying his petition for resentencing pursuant to Penal Code[1] sections 1172.7 and

---

[1]  Unless otherwise indicated, all future statutory references are to the Penal Code.

1

1172.75. Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we dismiss the appeal as abandoned.

## II.

## PROCEDURAL BACKGROUND

On June 21, 2016, a felony complaint was filed charging defendant with battery on a correctional officer (§ 4501.5, subd. (a); count 1) and resisting arrest by means of threats and violence (§ 69; count 2). The complaint further alleged that defendant had suffered two prior serious or violent strike convictions (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) and two prior prison terms (§ 667.5, subd. (b)).

On December 1, 2016, pursuant to a negotiated plea agreement, defendant pleaded guilty to count 1, battery on a correctional officer, and admitted that he had suffered one prior strike conviction and one prior prison term. In return, the remaining allegations were dismissed, and defendant was sentenced to a stipulated term of five years in state prison as follows: the low term of two years on count 1, doubled to four years due to the prior strike conviction, plus a consecutive term of one year for the prior prison term. The trial court imposed a restitution fine (§ 1202.4) in the amount of $300, a $300 stayed

parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

On June 26, 2023, pursuant to section 1172.75, subdivision (c), the trial court resentenced defendant and ordered stricken the consecutive one-year sentence imposed for the prior prison term (§ 667.5, subd. (b)).  The court ordered that other portions of the sentence remained "in full force and effect. . . without prejudice," with a further hearing scheduled in September 2023.

On June 28, 2023, defendant filed a brief pursuant to sections 1172.7 and 1172.75, seeking a full resentencing hearing on the basis that defendant was no longer a danger to public safety and thus his incarceration was contrary to the interests of justice.  Defendant asserted that he had completed a substance abuse disorder program and anger management classes, in addition to finding religion, staying out of trouble and working on his GED.  Defendant also noted that the underlying offense was nonviolent.

On September 5, 2023, the People filed an opposition brief contending that defendant was ineligible for further relief because he had resolved his underlying matter by plea bargain.  Alternatively, the People argued that defendant posed a danger to public safety and that amendments to section 1385, subdivision (c) do not apply to prior strike convictions.

A hearing on defendant's petition was held on September 11, 2023.  At the start of the hearing, defense counsel advised the trial court that he had authority to conduct the hearing in defendant's absence and waived defendant's appearance.  Defense counsel

3

thereafter argued that the court should strike the prior strike conviction in light of section 1385, subdivision (c). In support, counsel noted that defendant had some certificates of accomplishments and that the current offense of battery on a non-prisoner was nonviolent. The prosecutor first noted that the trial court did not have the authority to reach the substantive issue since defendant had pleaded guilty. And if the court addressed the merits, the prosecutor urged that defendant was not a candidate for further resentencing relief based on his criminal history and that section 1385, subdivision (c) did not apply to strike convictions. The prosecutor noted that defendant had several juvenile adjudications, PRCS and parole violations, two strike convictions, and prior prison offenses.

After noting that it believed sections 1172.7 and 1172.75 applied to plea bargain cases, the trial court denied defendant's request to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and declined to apply section 1385, subdivision (c), to the prior strike conviction allegation. The trial court explained that "within a matter of mere months" of being sentenced to state prison for residential burglary, defendant assaulted a correctional officer. In addition, only 14 months before the residential burglary conviction, defendant was convicted of attempted robbery, another strike. "Given the closeness in time of the two strikes to the instant offense," the trial court believed defendant "was essentially a poster child for recidivist treatment" and that defendant "was clearly on a recidivist trajectory." The court acknowledged that defendant had accomplished much while incarcerated, but believed

4

the accomplishments were insufficient to take defendant outside of the spirit of the Three Strikes Law.  Lastly, citing *People v. Burke* (2023) 89 Cal.App.5th 237, the court determined that it could not dismiss the prior strike conviction pursuant to section 1385, subdivision (c), because the Three Strikes Law is an alternate sentencing scheme and not an enhancement.

The court thereafter struck the one-year prior prison term and adopted all of the other prior "sentencing decisions with the exception of the fines and fees."  The court reimposed the above-noted restitution fines and fees, but struck "[a]ll other fines and fees" "as no longer authorized by law."  The trial court awarded defendant post-sentence credits of 2,475 days.  Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.  Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders*, *supra*, at p. 744), counsel raises the issues of whether the trial court improperly conducted the resentencing hearing

5

in defendant's absence; whether the court abused its discretion by declining to dismiss the prior strike conviction pursuant to section 1385, subdivision (c); and whether the trial court abused its discretion by declining to dismiss the prior strike conviction pursuant to *Romero*.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id*. at p. 232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id*. at p. 229.) While this postjudgment appeal involves an appeal from recent statutory provisions pursuant to sections 1172.7 and 1172.75, *Delgadillo*'s reasoning equally applies here.

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and

6

decline to exercise our discretion to independently examine the record.  Accordingly, we dismiss the appeal as abandoned.

## IV.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER
           Acting P. J.

FIELDS
           J.